UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT DEAN HEAGY,<br><br>　　　　　　　　　　Petitioner,<br><br>　v.<br><br>WASHINGTON STATE PENITENTIARY,<br><br>　　　　　　　　　　Respondent. | No. C12-5965 RBL/KLS<br><br>**REPORT AND RECOMMENDATION**<br>Noted For:  March 22, 2013 |

　　　Petitioner Robert Dean Heagy is currently confined at the Washington State Penitentiary and is filing *pro se.*  He has been granted leave to proceed *in forma pauperis*.  ECF No. 7.

　　　On November 7, 2012, Mr. Heagy filed a Petition for Writ of Habeas Corpus.  ECF No. 8.  The Court declined to serve the petition because it is deficient.  ECF No. 9.  On December 6, 2012, the Court granted Mr. Heagy leave to file an amended petition under 28 U.S.C. § 2254 showing that his grounds for federal relief have been properly exhausted in state court or to show cause why his petition should not be dismissed.  ECF No. 9.  The Court set January 25, 2013 as Mr. Heagy's deadline to amend or show cause.  *Id.*  To date, Mr. Heagy has not filed an amended complaint or otherwise responded to the Court's Order of December 6, 2012.

### DISCUSSION

　　　In his petition, Mr. Heagy seeks to challenge a 2006 conviction.  ECF No. 8. Although he indicates that he filed an appeal with the Washington Court of Appeals, he does not indicate that he sought review by the Washington Supreme Court.  The Court advised Mr. Heagy that he may pursue federal habeas relief only *after* he has exhausted his state judicial remedies.  *See*

REPORT AND RECOMMENDATION - 1

ECF No. 9, p. 1 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)). The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985). Full and fair presentation of claims to the state court requires "full factual development" of the claims in that forum. *Kenney v. Tamayo-Reyes*, 504 U.S. 1, 8 (1992).

In addition, Mr. Heagy was advised that he had failed to name the proper respondent in his petition. ECF No. 9, p. 2. The proper respondent to a habeas petition is the "person who has custody over [the petitioner]." 28 U.S.C. § 2242; see also § 2243; *Brittingham v. United States*, 982 F.2d 378 (9th Cir. 1992); *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989). According to his petition, Mr. Heagy is currently confined at the Washington State Penitentiary in Walla Walla, Washington. The Superintendent of the Washington State Penitentiary is Stephen D. Sinclair.

## CONCLUSION

Petitioner was previously advised that he had failed to file a viable habeas petition. He was given an opportunity to show cause why his petition should not be dismissed or to file an amended petition. He failed to do so. Accordingly, it is recommended that this case **dismissed without prejudice.**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those

REPORT AND RECOMMENDATION - 2

objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **March 22, 2013,** as noted in the caption.

DATED this  4th  day of March, 2013.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3